UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY JILL BRANNIGAN,

    Plaintiff,

v.                                                    Case No: 2:18-cv-468-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is the Complaint, filed on July 5, 2018. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the Plaintiff unable to do her previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505-.1511, 416.905-.911.

B. **Procedural History**

On April 24, 2015, Plaintiff filed an application for disability benefits. (Tr. at 80). Plaintiff alleged an onset date of November 29, 2014. (*Id.* at 80). Her application was denied initially on September 11, 2015. (*Id.* at 80). A hearing was held before Administrative Law Judge ("ALJ") Eric Anschuetz on February 14, 2017 in Fort Myers, Florida. (*Id.* at 29). The ALJ issued an unfavorable decision on July 5, 2017, finding Plaintiff not to be under a disability from November 29, 2014 through the date of the decision. (*Id.* at 24).

On May 7, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint in the United States District Court on July 5, 2018. (Doc. 1). This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 12).

C. **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a Plaintiff has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the Plaintiff: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The Plaintiff has the burden of proof through step four, and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019. (Tr. at 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 29, 2014, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "Multiple Sclerosis; Endocrine Disorders including Hypopituitarism, Hashimoto's Thyroiditis, and Partial Empty Sella Syndrome; and Arnold Chiari Malformation Grade 1." (*Id.* (citing 20 C.F.R. 404.1520(c))). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.* at 20 (citing 20 C.F.R. 404.1520(d), 404.1525, and 404.1526)). At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for a total of six hours during an eight-hour workday. The claimant can sit for six hours in an eight-hour workday. The claimant can never climb ladders, ropes, scaffolds, but can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. Furthermore, the claimant must avoid workplace hazards such as unprotected heights and unshielded rotating machinery. She must avoid concentrated exposure to extremes of outdoor heat and cold, vibrations, dust, odors, fumes, and gases. There are no significant mental limitations.

(*Id.* at 21).

The ALJ found that Plaintiff was "capable of performing past relevant work as listed both individually and as a composite job composed of a Qualified Assurance Coordinator (Dictionary of Occupational Titles, 075 167 014) classified as light and skilled with an SVP of 7 and Social Worker Medical (Dictionary of Occupational Titles 195 107 030) classified as sedentary and skilled with an SVP of 7." (*Id.* at 24). The ALJ further found that "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565)." (*Id.*). Thus, the ALJ concluded that Plaintiff was not under a disability from November 29, 2014, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking

into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (noting that court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether the ALJ properly included limitations identified by the consultative examiner, Dr. Ahmed, into the RFC assessment, having given Dr. Ahmed's opinion great weight;

(2) Whether the ALJ properly performed a psychiatric review technique; and

(3) Whether the ALJ considered and weighed the Plaintiff's vision impairment.

(Doc. 16 at 10, 17, 24).

### A. Whether the ALJ Properly Included Limitations Identified by the Consultative Examiner, Dr. Ahmed, into the RFC Assessment, Having Given Dr. Ahmed's Opinion Great Weight

Plaintiff argues that despite giving great weight to the opinion of Dr. Ahmed, who examined Plaintiff as part of an August 25, 2015 consultative exam, the "RFC assessment does not reflect the limitations Dr. Ahmed identified concerning the Plaintiff's ability to sit and stand and/or walk." (Doc. 16 at 12 (citing Tr. at 21, 330)). These limitations included no more than a total of 3 hours of sitting, 3 hours of standing, and 2 hours of walking in an 8-hour workday. (*Id.* at 330). Plaintiff argues that the ALJ's characterization of Dr. Ahmed's opinion—*i.e.*, that "Dr. Ahmed opined that the claimant could perform physical work related activities under light work activity level,"—and the ALJ's finding that "[t]hese light duty restrictions are consistent with the medical records to date," are inconsistent with what Dr. Ahmed actually concluded. (Doc. 16 at 12 (quoting Tr. at 18)). More specifically, Plaintiff argues that Dr. Ahmed's limitations did "not satisfy the requirements of light work, which requires an ability to stand and/or walk for approximately 6 hours in an 8-hour workday." (*Id.* (citing SSR 83-10)).

5

Defendant responds that while "[a]n ALJ must consider the opinions of state agency medical consultants and may give those opinions great weight where substantial evidence supports them. . . . , an 'ALJ may reject any medical opinion if the evidence supports a contrary finding.'" (Doc. 16 at 15 (quoting *Sharfaz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987))). Moreover, Defendant asserts that "[t]he ALJ explained that although he did not adopt all the limitations outlined by Dr. Ahmed, he gave Dr. Ahmed's opinion great weight" and that, indeed, the ALJ was not required to adopt all of Dr. Ahmed's findings. (*Id.* at 16 (citing Tr. at 18, 23)). Finally, Defendant argues that substantial evidence supports the ALJ's decision to decline adopting the limitations on sitting, standing, and walking. (*Id.*)

The Court concludes that the ALJ's decision is not supported by substantial evidence. As noted by the parties, the ALJ found that Plaintiff "can stand and/or walk for a total of six hours during an eight-hour workday" and that she "can sit for six hours in an eight-hour workday." (Tr. at 21). The ALJ stated that he gave great weight to consultative examining physician Dr. Ahmed's opinion. (Tr. at 18, 23). However, the ALJ's finding that "Dr. Ahmed opined that the claimant could perform physical work related activities *under light work activity level*," (Tr. at 18, 23 (emphasis added)), is not supported by the record. A review of Dr. Ahmed's notes reveals that: (1) Dr. Ahmed limited Plaintiff to no more than a total of 3 hours of sitting and standing, and 2 hours of walking in an 8-hour workday; and (2) Dr. Ahmed did not himself mention light work. (Tr. at 325-34). Light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10; *see also Gillett v. Colvin*, 237 F. Supp. 3d 1285, 1292 (M.D. Fla. 2017). Thus, contrary to what the ALJ found, Dr. Ahmed's opinion concerning Plaintiff's limitations does not support a light work activity level. The ALJ's decision does not explain

6

why he characterized Dr. Ahmed's opinion in the way that he did when Dr. Ahmed's opinion is inconsistent with the definition of light work.

Defendant asserts that "[t]he ALJ explained that although he did not adopt all the limitations outlined by Dr. Ahmed, he gave Dr. Ahmed's opinion great weight." (Doc. 16 at 16 (citing Tr. at 18, 23)). The ALJ discussed Dr. Ahmed's opinion twice in the decision. In the first instance, the ALJ stated:

> Rafay Ahmed, M.D., a State Agency consultative examining physician, conducted an examination of the claimant on August 25, 2015. Dr. Ahmed opined that the claimant could perform physical work related activities under light work activity level. These light duty restrictions are consistent with the medical records to date. I give great weight to Dr. Ahmed as he examined the claimant and reviewed the claimant's medical history. Dr. Ahmed did note the claimant stated that she had two falls in the last couple months, but there are no medical records to substantiate this. Further, the claimant has not been prescribed or noted to use a cane.

(Tr. at 18). In the second instance, the ALJ stated:

> I give great weight to Dr. Ahmed, the State Agency consultative examining physician. Dr. Ahmed opined that the claimant could perform physical work related activities under light work activity level. Dr. Ahmed did note the claimant stated she had two falls in the last couple of months, but there are no medical records to substantiate this. Further, the claimant has not been prescribed or noted to use a cane.

(*Id.* at 23).

In neither of those two instances does the ALJ actually state that he declined to adopt Dr. Ahmed's opinion regarding Plaintiff's ability to sit, stand, or walk. And while Defendant is correct that an ALJ is not required to adopt all of Dr. Ahmed's opinions, *see Smith v. Astrue*, No. 5:06-CV-373-OC-10GRL, 2008 WL 879380, at *6 (M.D. Fla. Mar. 28, 2008), the ALJ does not explain his findings that Dr. Ahmed opined that Plaintiff could perform light work activities. Nor did he explain – if indeed the ALJ did decline to adopt Dr. Ahmed's opinion regarding

7

Plaintiff's ability to sit, stand, or walk – why he did not accept Dr. Ahmed's opinion in that regard.

Nor does the ALJ provide any other basis for why he found that Plaintiff had the ability to "stand and/or walk for a total of six hours during an eight-hour workday" and "sit for six hours in an eight-hour workday." (*See generally* Tr. at 21-23). Although the ALJ noted that Dr. Francis Buda, M.D., a non-examining state agency physician, "opined the claimant can sit for 6 hours in an 8 hour work day and stand or walk for 6 hours during an 8 hour work day," (*id.* at 18), the ALJ did not explain what, if any, weight he gave to Dr. Buda's opinion, *see Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefore."). Moreover, the remaining medical opinions on which the ALJ relies focus on Plaintiff's alleged fatigue and shed no light on the finding regarding her ability to sit, stand, or walk.

Thus, it is unclear how the ALJ arrived at the conclusion that Plaintiff had the ability to "stand and/or walk for a total of six hours during an eight-hour workday" and "sit for six hours in an eight-hour workday." *See Hanna v. Astrue*, 395 Fed. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable [the Court] to conduct meaningful review . . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which [the Court] can review [a Plaintiff's] case." (citation omitted)); *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at * 9 (M.D. Fla. Mar, 27, 2012) ("An ALJ is required to build an accurate and logical bridge from the evidence to his conclusion." (citing *Baker v. Barnhart*, No. 03 C 2291, 2004 WL 2032316, at *8 (N.D. Ill. Sept. 9, 2004))); *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005) ("[T]he existence of substantial evidence in the record favorable

to the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached." (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). And the Court is unable to conclude that this error was harmless. Accordingly, the Court finds that the ALJ's decision is not supported by substantial evidence.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on whether the ALJ properly performed a psychiatric review technique and whether the ALJ considered and weighed Plaintiff's vision impairment. (Doc. 16 at 17, 24). Because the Court finds that on remand, the Commissioner must reevaluate Dr. Ahmed's opinion in light of all the evidence of record, the disposition of these remaining issues is premature at this time.

### III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that:

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) Dr. Ahmed's opinion and the effect that Dr. Ahmed's limitations may have on Plaintiff's ability to work; and (2) Plaintiff's limitations in the RFC.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on June 5, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties